**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARGARITO CARDOSO SACRAMENTO,**    Petitioner,    v.    **J.L. JAMISON, MICHAEL T. ROSE, TODD LYONS, MARKWAYNE MULLIN, TODD BLANCHE,**    Respondents. | **CIVIL ACTION**    **NO.  26-3535** |

**HODGE, J.**                                                                 **June 10, 2026**

**<u>MEMORANDUM</u>**

Petitioner Margarito Cardoso Sacramento ("Petitioner" or "Mr. Cardoso Sacramento") is one of the numerous individuals who, pursuant to the relatively recent decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Cardoso Sacramento's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.      PROCEDURAL BACKGROUND[2]

Mr. Cardoso Sacramento is a citizen of Mexico. (ECF No. 1 ¶ 1.) He entered the United States in the summer of 2001 and has lived continuously in the United States since that time. (*Id.* ¶ 26.) Mr. Cardoso Sacramento is the father of a twelve-year-old daughter, who is a United States citizen, and he the sole provider for his daughter and his partner. (*Id.* ¶¶ 27, 67.) Petitioner has no criminal record and has paid taxes and worked most of the time that he has lived in the United States. (*Id.* ¶¶ 28–29.)

On May 20, 2026, Mr. Cardoso Sacramento was arrested by immigration authorities while on his way to work. (*Id.* ¶ 31.) The Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") charging him as removable and placing him in removal proceedings before the Immigration Court. (*Id.*¶ 32.) Petitioner's hearing was scheduled for June 1, 2026. (*Id.* ¶ 33.) Petitioner was detained in Philadelphia at the Federal Detention Center at the time he filed the instant Petition but has since been transferred to the Moshannon Valley ICE Processing Center, according to ICE public records.[3] (*Id.* ¶ 6.)

## II.      LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.
[3]  *Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/details.

### III.   DISCUSSION

Respondents were ordered to respond by May 28, 2026. As of this date, no response has been filed.[4] This Court has received numerous habeas petitioners from petitioners like Mr. Cardoso Sacramento, who have lived in the United States for decades and were detained without any process or bond hearing. Respondents have replied in those numerous other cases with near identical briefs asserting that: the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and the petitioner's detention does not violate constitutional due process. The Court will therefore address those arguments here.

### A. Petitioner Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or

---

[4] Petitioner's counsel was ordered to serve the United States Attorney (ECF No. 3), and such service was executed on June 8, 2026 (ECF No. 4). Respondents have still not entered a notice of appearance.

inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. (ECF No. 2-1 at 2.) This policy was subsequently enshrined in a September 5, 2025 decision by the Board of Immigration Appeals ("BIA"), which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. If the Court accepts the Government's current interpretation of Section 1225(b)(2)(A) as applying to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. I therefore follow the decisions of my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Petitioner, since he was already present in the United States when he was detained. *See, e.g.*, *Patel v. McShane*, 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Demirel*, 2025 WL 3218243 (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov.

4

14, 2025); (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.).

### B. Petitioner's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Petitioner. In this instance, Mr. Cardoso Sacramento has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for over twenty years with no criminal record poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to Petitioner's detention on May 20, 2026. Because that hearing did not occur, Petitioner should not now be in custody.[5]

---

[5] In light of this Court's ruling that the Petition is granted based on violation of the INA and the Fifth Amendment Right to Due Process, this Court declines to address Mr. Cardoso Sacramento's claim for relief pursuant to the Administration Procedures Act (Count I).

## IV.    CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants the Petition, orders Mr. Cardoso Sacramento's immediate release, permanently enjoins the Government from re-detaining Petitioner under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**